IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,607-01






EX PARTE TIMOTHY TIJERINA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-08-187-CRA IN THE 81ST DISTRICT COURT


FROM ATASCOSA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
manslaughter and sentenced to forty years' imprisonment. The Fourth Court of Appeals affirmed
his conviction. Tijerina v. State, No. 04-06-526-CR (Tex. App.-San Antonio, delivered August 1,
2007). 

 Applicant contends that his trial counsel rendered ineffective assistance by informing
Applicant that he would receive a sentence of fifteen years' imprisonment if he pleaded guilty to the
court, thereby inducing Applicant to plead guilty to the court, which then sentenced him to forty
years' imprisonment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel informed Applicant that there was
a plea bargain with the State such that Applicant would receive a fifteen year sentence if he pleaded
guilty to the offense charged. The trial court shall also make findings as to whether a plea offer
existed and if so, whether Applicant would have taken that plea offer had it been conveyed to him. 
The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 15, 2008

Do not publish